UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
UNITED STATES OF AMERICA :
:
: **ORDER**
-against- :
: S1 20 Cr. 631 (AKH)
JOSEPH CAMPBELL, :
:
                          Defendant. :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 31, 2022, Defendant Joseph Campell entered a plea of guilty, which I accepted, to Count One of the Superseding Indictment. Specifically, Campbell pled guilty to the lesser included offense of conspiring to distribute and possess with intent to distribute 28 grams or more of mixtures and substances containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). At the plea hearing, and via letter submission, Defendant requested to remain on bail until sentencing. The Government opposes, arguing that 18 U.S.C. § 3143(a)(2) requires Defendant to be remitted to custody.

        In assessing Defendant's request, I begin with Section 3143(a)(2), which provides the following:

> The judicial officer shall order that a person who has been found guilty of [an applicable offense] and is awaiting imposition or execution of sentence be detained unless—
>
> . . .
>
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The Government has not made the recommendation required by Section 3143(a)(2)(ii).

However, 18 U.S.C. § 3145(c) provides an exception. In pertinent part, that provision allows

that "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Thus, while Defendant is subject to detention pursuant to Section 3143(a)(2), he is eligible for continued release on bail if he meets two conditions: (1) he is not likely to flee or pose a danger to the safety of any other person or the community; and (2) there are exceptional reasons why his detention would not be appropriate.

As to the first requirement, I find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community. At the plea hearing on May 31, 2022, I indicated that such a finding would be appropriate. Defendant has been at liberty on bail since December 2020 and in that time has had no violations. Additionally, Defendant has maintained full time employment and took part in a program to treat marijuana use. Defendant will likely be safety valve eligible and represents that his arrest has been a "wake up call."

As to the second requirement, I find that it has been clearly shown that there are exceptional reasons why Defendant's detention would not be appropriate. Exceptional circumstances exist when there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991)). That is a high bar, and in *Lea* the Second Circuit held that being a student, being employed, or being a first-time offender—alone or in combination—does not qualify as "exceptional." *Id.* at 403–04; *see also United States v. Colon*, 821 Fed.Appx. 39, 42 (2d Cir. 2020) (employment and complying with conditions of supervision, without more, do not justify a finding of exceptional circumstances). Even so, the *Lea* court acknowledged that the § 3145(c) inquiry is "flexible" and that "district

courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" 360 F.3d at 403.

Given the "wide latitude" district courts possess on this question, some courts have found that a unique combination of circumstances can rise to the level of exceptional circumstances. *See, e.g.*, *United States v. Rentas*, 2009 WL 3444943, at *2 (S.D.N.Y. Oct. 26, 2009) (combination of employment, incident-free period of release on bail, minor role in crack distribution conspiracy, and need to provide childcare constituted exceptional circumstances). Particularly in light of the severe toll COVID has taken on federal prisons, several courts have found that conditions in prisons, in combination with the personal circumstances of individual defendants, can constitute exceptional circumstances. *See United States v. McDuffie*, 451 F.Supp.3d 281, 286 (S.D.N.Y. 2020) (combination of pandemic and personal health risks constituted exceptional circumstances); *United States v. Nkanga*, 450 F.Supp.3d 491, 495 (S.D.N.Y. 2020) (low risk of flight and COVID-related risks associated with incarceration could "easily" constitute exceptional circumstances).

Here, I find that the combination of Defendant's particular circumstances and the risks of COVID in detention facilities constitute exceptional circumstances. Since his arrest in this matter, Defendant has maintained stable employment, made progress in his marijuana treatment program, and complied with the conditions of bail. Defendant was not "an organizer, leader, manager, or supervisor" of the conspiracy he joined, and appears to be safety valve eligible. 18 U.S.C. § 3553(f)(4). Although Defendant has not identified any health risks that make him particularly vulnerable to COVID, health risks attendant to COVID remain, and many facilities continue to institute lockdowns, rendering "conditions of incarceration harsher and more punitive than they would have been in the absence of the pandemic." *United States v. Batista*, 2022 WL 1997173, at *2 (June 6, 2022); *see United States v. Robles*, 553 F. Supp. 3d 172, 182 (S.D.N.Y. 2021) (noting COVID restrictions imposed by the Bureau of Prisons

contribute to harsher and more challenging conditions of confinement and granting compassionate release). Considering each of these facts in conjunction, Defendant's "unique combination of circumstances" constitute exceptional circumstances.

In sum, Defendant's request to remain at liberty on bail conditions pending sentencing is granted. The conditions of Defendant's bail remain unchanged.

SO ORDERED.

Dated:  June 21, 2022
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge